UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

D'ANDRE ALEXANDER #731077,

        Plaintiff,

v.

PENNY FILLION, et al.,

        Defendants.

_____/

Case No. 2:16-CV-64

HON. GORDON J. QUIST

## ORDER APPROVING AND ADOPTING IN PART
## REPORT AND RECOMMENDATION

On October 18, 2017, Magistrate Judge Greeley issued a Report and Recommendation (R & R) recommending that the Court grant in part and deny in part Defendant Millette's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). In particular, the magistrate judge recommended that the Court deny the motion with regard Plaintiff's retaliation and Eighth Amendment claims and grant the motion with regard to Plaintiff's equal protection and conspiracy claims under 42 U.S.C. § 1983. In addition, the magistrate judge recommended that the Court dismiss Plaintiff's state law claims against Defendant Millette. (ECF No. 113 at PageID.696.)

Plaintiff has filed an Objection to the R & R, specifically, the magistrate judge's conclusion that Plaintiff's conspiracy claims should be dismissed. Plaintiff does not dispute that his § 1985 and § 1986 claims should be dismissed. He argues, however, that, as in Case No. 2:16-CV-49, the magistrate judge should have construed Plaintiff's complaint liberally as alleging a conspiracy claim pursuant to 42 U.S.C. § 1983.

Pursuant to 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a de novo

review of the R & R, Plaintiff's Objection, and the pertinent portions of the record, the Court concludes that the R & R should be adopted except with regard to the recommendation to dismiss the conspiracy claim.

As Plaintiff correctly notes, in Case No. 2:16-CV-49, the magistrate judge concluded that Plaintiff's claim under 42 U.S.C. § 1985(3) should be dismissed. However, the magistrate judge further observed that because Plaintiff is *pro se*, his pleading must be construed liberally, and that his conspiracy claim should be construed as one under § 1983. *See* Case No. 2:16-CV-49 (ECF No. 75 at PageID.444–45). Applying the same analysis to Plaintiff's instant complaint, the Court construes Plaintiff's conspiracy claim as arising under § 1983. In addition, based on its review of Plaintiff's allegations in his complaint, the Court concludes that, at least for purposes of a motion to dismiss, Plaintiff has alleged sufficient facts about a conspiracy to deprive him of medical care to survive a motion to dismiss. *See Hensley v. Gassman*, 693 F.3d 681, 695 (6th Cir. 2012).

Therefore,

**IT IS HEREBY ORDERED** that the October 18, 2017, Report and Recommendation (ECF No. 113) is **adopted in part** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Millette's Motion to Dismiss (ECF No. 51) is **GRANTED IN PART AND DENIED IN PART.** The motion is **DENIED** with regard to Plaintiff's First Amendment retaliation and Eighth Amendment claims and Plaintiff's conspiracy claim under § 1983. The motion is **GRANTED** with regard to equal protection claims, his claims under 42 U.S.C. §§ 1985 and 1986, and his state-law claims.

Dated: January 9, 2018                                       /s/ Gordon J. Quist
                                                          GORDON J. QUIST
                                                    UNITED STATES DISTRICT JUDGE